# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**FREDERICK L. PITCHFORD**                                                              **PLAINTIFF**

**V.**                                              **3:10CV00299JMM**

**DENZIL PRICE MARSHALL, JR.,**
**District Judge, Personal Capacity;**
**H. DAVID YOUNG, Magistrate**
**Judge, Personal Capacity; and**
**JANE A. KIM, Attorney,**
**Officer of the Court**                                                                 **DEFENDANTS**

## ORDER

Pending before this Court is the Plaintiff's Motion to Proceed *In Forma Pauperis* and Complaint. In his Complaint, Plaintiff names United States District Court Judge Denzil Price Marshall, Jr., United States Magistrate Judge H. David Young and Attorney Jane A. Kim as defendants. Plaintiff alleges that the Defendants conspired against him in case, *Pitchford v. Delaware North Companies, Inc., et al*, Case Number 3:10CV00243 DPM, in violation of 42 U.S.C. § 1985(2) and (3). Plaintiff claims he is entitled to monetary damages pursuant to 28 U.S.C. § 1343. After reviewing Plaintiff's *pro se* Complaint, the Court finds that the Complaint should be, and hereby is, dismissed *sua sponte*.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he does, the complaint is permitted to be filed. *Id.*

Second, assuming the allegation of poverty is true, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  If so, the complaint is to be dismissed.  Because it appears that plaintiff's economic situation qualifies him for *in forma pauperis* status, the Court hereby grants Plaintiff's application to so proceed.

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law.  *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989).  A court may dismiss such a complaint before service of process and without leave to amend.  *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998).  *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

In this case, Plaintiff contends that two federal judges and an attorney conspired against him in violation of 28 U.S.C. 1985 by refusing to rule on his Motion to Proceed *In Forma Pauperis*, by providing Ms. Kim a copy of his Complaint and Motion to Proceed *In Forma Pauperis* , and by failing to provide a copy of the Motion to Dismiss to the Plaintiff in Case Number 3:10CV00243 DPM.  Plaintiff names the Judges in their personal capacities.  However, the actions allegedly taken by the Judges could only have occurred in their judicial capacity.

"[A] judge is immune from liability for damages if he had jurisdiction over the subject matter and if the acts complained of were judicial acts."  *Birch v. Mazander*, 678 F.2d 754 (8th Cir. 1982).  The Court finds that Judge Marshall and Judge Young had jurisdiction over Case

Number 3:10CV00243 DPM.[1]  The timing of a judge's ruling on pending motions is a judicial act.  Therefore, Judge Marshall and Judge Young are immune from liability for damages based upon their action, or inaction, regarding Plaintiff's Motion to Proceed *In Forma Pauperis*.

Plaintiff claims that Ms. Kim was a part of the conspiracy with Judge Marshall and Judge Young by receiving a copy of Plaintiff's Motion to Proceed *In Forma Pauperis*, filing a motion to dismiss, failing to send a copy to the Plaintiff, and filing a fraudulent certificate of service with the Court.  The Court finds all of these claims to be frivolous.  Plaintiff's Complaint and Motion to Proceed *In Forma Pauperis* were matters of public record when Plaintiff filed them with the Clerk of the Court.  Ms. Kim did not violate Plaintiff's rights by obtaining the documents, or by filing motions.  If Plaintiff challenges the judgment in Case Number 3:10CV00243 DPM because he was not notified about the motion to dismiss, he should file a motion in Case Number 3:10CV00243 DPM.  However, an alleged failure to serve a pleading on the Plaintiff does not rise to the level of a constitutional violation by Ms. Kim.

As stated, the Court grants Plaintiff's Motion to Proceed *In Forma Pauperis* (Docket # 1).  The Court further finds that Plaintiff's Complaint is frivolous and, therefore, the Complaint (Docket # 2) is dismissed with prejudice.  The Clerk is directed to close the case.

IT IS SO ORDERED this 15th day of December, 2010.

_____
James M. Moody
United States District Judge

---

[1] It should be noted that neither Judge Marshall nor Judge Young entered any order dismissing Case Number 3:10CV00243 DPM.  The case was reassigned from Judge Marshall to United States District Judge William R. Wilson because Judge Wilson had presided over a related case.  The order dismissing the case was entered by Judge Wilson based upon *res judicata.*